And we have our next case, Ms. Watson, would you like to call it please? 15-2615, people named Aubrey. And again, will counsel for the parties please approach. Tell us who you are and tell us who you're representing. Yes, Your Honors. My name is Roxanna Mason. I'm from the Office of the State Appellate Defender and I represent Mr. Bass. Matthew Connors on behalf of the people of the state of Illinois. All right, and Ms. Mason, how much time do you want? 15 minutes and reserve 5 for both. I'm out for the people, Your Honor. All right. Okay, and I will tell you again, we have read the briefs, we're familiar with the record, and so if you would just focus on those arguments that you would like us to address. All right? Mr. Bass received unreasonable assistance from the post-conviction attorney who was appointed to represent him at the second stage of post-conviction proceedings in this matter. Would your argument be the same in any case where a defendant's post-conviction petition is defective because it doesn't have affidavits attached? It has to have something attached, right? And post-conviction counsel, after doing what the rule requires, does not amend. You would say, without anything more, that's ineffective assistance of post-conviction counsel, right? Not in every case, but yes in every case where the petition was advanced from the first stage to the second stage because the trial court found that the petition was not frivolous or patently without merit. You know, if I understand the three stages correctly, frivolous and patently without merit is where a trial judge looks at it and the defendant says, I was coerced into pleading guilty. And the trial judge looks at the trial transcript and after colloquy with the court, the defendant says, I was not coerced into pleading guilty. Nobody promised me anything, nobody threatened me, I am pleading guilty on my own free will. There the court can say, this is frivolous and patently without merit because it's contradicted by the record. In contrast, if the allegation at the first stage is something that doesn't appear in the record and the court can't say it's frivolous and patently without merit, I'm going to pass it on to the second stage. Let's say the allegation is there's somebody who could give me an alibi. I wasn't there. Can't say that's frivolous off the bat. Pass it to second stage. Counsel does the investigation, does not amend. That's ineffective assistance in your view, right? If post-conviction counsel both does not amend and does not seek to withdraw, yes.  So I'm confused about your interpretation of Greer. In Greer, the State Appellate Defender said post-conviction counsel cannot withdraw. You cannot permit post-conviction counsel to withdraw, right? That was the argument. Correct. And so the Supreme Court in Greer said, no, Anders does apply in post-conviction proceedings and counsel can seek to withdraw. Your view is now that at the second stage, a claim that the defendant makes that counsel is unable to substantiate makes the petition frivolous and patently without merit. Is that right? If it is a claim that the counsel cannot put forward, cannot amend and put before the court without violating his ethical obligations under the rules of professional conduct, then yes, he needs to file a motion to withdraw, which the Illinois Supreme Court explained in Cooner is essentially a motion asking the court to reconsider its previous decision that the The frivolous and patently without merit is a first stage concept. Frivolous and patently without merit doesn't enter into the second stage. The second stage is whether the defendant has stated a substantial claim of a constitutional deprivation. State counsel determines he can't do it. I can't get the support for this claim of constitutional deprivation. That doesn't mean the petition is frivolous, does it? Well, it depends on what the can't is, I guess. If counsel is merely saying, you know, I went and I interviewed this guy and this isn't really a full, full alibi. It's a weak case, but it's one that I can go before the court and stand on this and not be violating the ethical rules. Then counsel needs to get an affidavit from that guy or put something in his petition explaining why he hasn't gotten an affidavit from that guy and proceed on the petition. And so you're, I'm trying to take out, follow the path of ineffective assistance. You say counsel was required to withdraw. And because counsel didn't withdraw, we need to reverse this case and send it back for what? Well, if this court reverses this case, then what should happen is it should be remanded for further second stage proceedings and the appointment of new post-conviction counsel. Why, why, why does he get a lawyer? Why does he get a lawyer? The case has already been passed to second stage as being not frivolous or patently without merit. So if counsel had withdrawn and filed an Anders brief, where's your client then? He doesn't get another lawyer, right? If counsel had filed a proper motion to withdraw pursuant to Kooner and Greer and laid out why he felt that he could not ethically further any of Mr. Bass's claims, then the circuit court would have been able to read those explanations, rule on that, and give Mr. Bass the opportunity to dispute the state's motion to dismiss his post-conviction petition per se. However, none of that's happened yet in this case because post-conviction counsel failed to file that motion, failed to basically give Mr. Bass that opportunity to argue on his own behalf. By simply just standing on the petition, we don't really know why post-conviction counsel, in his words, was not able to get any affidavits or attach any affidavits to the petition. And you want us to presume from that statement that the lawyer didn't do what his affidavit says he did. He consulted with the defendant, he reviewed the trial record, and he conducted an investigation. He may have done those things, but he did not comply with the final requirement of 651C, which is that he make the amendments necessary to put Mr. Bass's petition into the proper legal form. And so, again, when the lawyer decides I'm not going to file an Anders motion, which will tell the court exactly why this petition lacks merit, and instead I'm going to stand on the petition and not hurt my client that way, that's ineffective assistance, right? Where counsel has not complied with the three requirements of Rule 651C, that's correct. Because one of the requirements of Rule 651C is that counsel make any amendments that are necessary to put the claims in proper legal form. The Post-Conviction Hearing Act is quite clear that for these types of claims, in order for the claim to be in proper legal form, counsel must either attach affidavits or include a sentence or a paragraph explaining why he has not attached affidavits. Now, if it was a matter of — But did he explain that to the court? No, he did not explain why. His exact statement to the court was simply, I was not able to get any affidavits or attach any affidavits to the petition. Well, he did in his certificate say he interviewed the witnesses that Mr. Bass suggested. So from his affidavit, we know he talked to those people. And then in court he says, I wasn't able to get any affidavits. What more does he have to do? Say, I wasn't able to get affidavits because they refused to give me affidavits? Or I wasn't able to get affidavits because their affidavits would actually hurt my client? Or at — between the time that I talked to them and today, they've moved to Hawaii? Well, there are two things that he has to do. One, he has to explain why. That's what, on the face of the Post-Conviction Hearing Act, 725 LCS 5-122-2 explicitly says he has to explain why. Well, why could be I wasn't able to? But why? I wasn't able to is not an explanation. It's simply a statement of fact. But what you're saying is, if this attorney now, having talked to these two witnesses that the dependent proposed, and the witnesses would totally mess up his case, make it even worse, that the attorney has to say to the judge, oh, and by the way, those two witnesses are horrible and we don't want to call them, and leave his client there sort of dangling, that that's the only option that attorney has instead of just sort of covering the whole thing with a sort of easygoing, I wasn't able to get affidavits. Well, if that were the case, then counsel should file a motion to withdraw. He doesn't need to go into excessive detail or anything, but explain in that motion to withdraw, I interviewed the witnesses, and the witnesses that Mr. Bass proposed in his pro se petition would not support the claims that he made in that petition. He has an option there. He doesn't have to withdraw. There's an option here. You're saying there's no option. You're saying he can't stand on the petition when he finds out that there's nothing to support it. Correct. Why should that be? When there are two options available, why, if we rule in your favor, then we are eliminating one of those options, which is to stand on the pleading because there is nothing further that can be done to provide support for what the defendant has said. Counsel does not have the option to stand on a petition that is not in a proper legal form. Yes, he does, or she does, if it goes through the three requirements under the 651C. If he or she goes through each of those requirements and explains, saying in a way that may not be to your specifications, but I couldn't get the affidavits. Well, the third prong of Rule 651C is that counsel is required to make any amendments to the petition, file pro se, that are necessary for an adequate presentation of petitioner's contentions. What would it be in this case, affidavits that may not help the defendant? Well, we don't know because counsel didn't explain why he didn't get the affidavits. The Illinois Supreme Court has said counsel is not under an obligation to amend every pro se post-conviction petition. Right? That's correct. So if they're not under an obligation to amend, and they can't amend because they can't get the supporting information, then they've fulfilled the reasonable assistance of counsel under 651C. No. No. Because, your Honor said because they can't get the sufficient information. What matters is why. If the why is a legitimate reason, like, you know, the witness is out of state and was not able to get an affidavit back to me by today's court date, then the post-conviction hearing, coupled with 651C, requires a limit. Honestly, can't we infer that a competent attorney representing a post-conviction petitioner would tell the court, if you give me a week, I'll get an affidavit because this witness is out of state. You want us to assume that the lawyers representing these post-conviction petitioners are so bad that they just can't get it, Judge? Sorry. Well, in this case, we know that this attorney did not comply with Rule 651C. Not speaking to any other case or any other case that this attorney has handled, but in this case, this attorney did not make the amendment required. So the typical presumption that post-conviction counsel has acted reasonably goes out the window when he doesn't comply with 651C on the face of the record. Now, is it possible that if it were a matter of timing, counsel could have asked for more time to get an affidavit? Sure. But here we don't know what the reason is. Maybe the reason he couldn't get affidavits is because the witness has told him, yeah, I mean, if you're drugging me in the court with a subpoena, that's what I would have said, but I'm certainly not going to volunteer to get myself involved in this. If that's the case, counsel needs to file an amendment explaining, this is why we can't attach the affidavits. The Post-Conviction Act couldn't be more clear that that's what's required to put a post-conviction petition into its proper legal form. Post-conviction counsel is required to talk to the client, ascertain his claims, review the record, and then amend the petitions. The Supreme Court already dealt with this in Cooner when they said that counsel's responsibility is to take the petition that the trial court had already evaluated and present it in the proper legal form. But Malone, her sister court, said that if the claims are frivolous, post-conviction counsel has the option of standing on the allegations in the pro se petition or withdrawing. So are we then to disagree with Malone? Do we have to disagree with Malone in order to rule in your favor? This court should disagree with Malone because it just cannot be read in a way that complies with the Illinois Supreme Court's binding decision in People v. Cooner. But even if this court were to apply Malone, Mr. Bass's case is very factually distinct from Malone. The Malone court allowed a situation where post-conviction counsel merely stood on the petition because under the facts of Malone, Malone was essentially given an opportunity to engage in hybrid representation and represent himself pro se even though his attorney hadn't officially withdrawn. The petitioner in Malone was allowed to come into court, make arguments against the state's motion to dismiss, given an opportunity to file additional documentation if he wanted to do so. Mr. Bass got none of this. Mr. Bass wasn't even in court. So even if this court were to follow Malone, which it should not, this court could still rule in Mr. Bass's favor. And the problem with Malone is that it doesn't recognize the obligations of post-conviction counsel as laid out by the court in Cooner. Cooner explained that this really isn't that much of a burden to place on counsel given everything that they're already required to do by 651C. And I understand the concern that counsel may have in not wanting to abandon their client by saying, I'm asking to withdraw. That's something that appellate attorneys have to do all the time when filing Finley motions or Anders motions. But when we file those motions, we're not throwing our clients under the bus because we're saying, listen, I can't find anything I can ethically do here, but the client still has the opportunity to speak up for himself. And Anders' motion says exactly why the claims are without merit. Yes. But yet the defendant is allowed the opportunity to make an argument on his behalf for why I as the attorney am wrong. He has an opportunity. Versus here, where when Mr. Bass's post-conviction counsel just refuses to amend the petition, where he stands on it, doesn't file a motion to withdraw to give Mr. Bass an opportunity to speak up for himself, then there's no one advocating on Mr. Bass's behalf, no one making an attempt to put his claims in the proper legal form as required by Rule 651C and the Post-Conviction Hearing Act. The attorney spoke to Mr. Bass about the fact that he couldn't get these affidavits. The attorney said that he spoke with Mr. Bass and let me find his exact wording. He said that he spoke with the two witnesses. He also contacted a third individual that Mr. Bass told him about. All three of them, Mr. Bass identified as potential witnesses in the motion to quash and suppress arrest. And then he says, and based on my conversations with all these individuals, judge, I was not able to get any affidavits or attach any affidavits to the petition. With that, judge, I would rest on Mr. Bass's pro se petition. So the report of proceedings is a little unclear as to the answer to your Honor's question as to whether post-conviction counsel spoke to Mr. Bass again after going out, doing the investigation and, for whatever reason, not getting affidavits. But he did speak to Mr. Bass before court. He says in his, both in his statements to the court and in his Rule 651C certificate, that he did speak with Mr. Bass, yes. Do you think Mr. Bass, are you telling us that you think Mr. Bass, if he had withdrawn the way you wanted him to have done, the defense counsel to have done, and then Mr. Bass continued this pro se that, what would Mr. Bass have said? He didn't have the affidavits. He only had his petition. The petition was faulty because it didn't have affidavits. Are we in a hall of mirrors here? Well, no, I think it's impossible for us to know exactly how Mr. Bass would proceed if this court were to follow a path of what the circuit court had done in Malone and allow some of that hybrid representation and allow Mr. Bass to proceed on his own, simply because post-conviction counsel didn't tell us why he couldn't get the affidavits or why he didn't get the affidavits. Well, the question seems to me, under Cooner, is the word explanation. That's at the heart of this case. Has there been a sufficient explanation here or not? And whether in this case the fact that, in your opinion, the attorney did not say the why, but explained that he was not able to get the affidavits, whether that is an explanation sufficient under Cooner or not. That's basically what we have to decide. Well, sufficient explanation both under Cooner and under the Post-Conviction Hearing Act itself, which states explicitly. Well, I'm saying that Cooner interprets that. Yes. But basically, the language in Cooner is really where you're hanging your head on, is what does that mean? And what does the language in the statute mean? The Supreme Court said it means an explanation. So then the question is, we have something here. Is that an explanation that's sufficient or not? Yes. And here we don't have an explanation at all. That's your position. All right. I understand. But we don't have an explanation that he was not able to get affidavits, but we don't have an explanation of why. And that's the magical word in the Post-Conviction Hearing Act is why. And similarly, if OSAD were to file a Finley motion in this court and say we are not raising any claims because we cannot raise any claims, this court would certainly reject that Finley motion. We have to explain why we cannot raise the defendant's claims. It should be the exact same thing here. That is what the court recognized in Cooner is it's not that much more work for counsel. They already have to talk to the defendant, read the record, and make a determination about these claims. All we're asking is that they write it down. And here, counsel didn't bother to do that. So this case should be ---- Do we understand the issue anything else, Ms. Mason? No. And for these reasons, we ask that this case be remanded for the appointment of new post-conviction counsel and further second stage proceedings. Thank you. All right. Mr. Connors. Good afternoon, please, the Court. Matthew Connors on behalf of the people of the State of Illinois. The key question here is whether or not petition was afforded reasonable assistance of counsel. At the outset, we're not talking about the constitutional rights of counsel. We're talking about a statutorily limited right to counsel contemplated by the Post-Conviction Hearing Act.     And as a result of this recent remark, Rule 651C has a limited number of duties that counsel must perform. Okay. So let's go to the one we're talking about here. Yes. When counsel said that he couldn't get the affidavits. Yes. In your way of thinking, is that the answer why? Those words, does that answer why? That's my question. Your Honor, your question presupposes something which isn't borne out. The Cooner case that's referred to, Greer and Cooner, both refer to those attorneys who have explicitly said, I'm withdrawing from the case, and the Supreme Court can say, if you're seeking leave to withdraw, especially in the case of Cooner where there's already a finding that you get through that first threshold at the first stage, you have to explicitly tell the circuit court why you're withdrawing. Well, why didn't the right petition apply? Why doesn't that apply now? Because counsel did not leave to withdraw. I understand. That's the only distinction. So this way the defendant has no explanation because the counsel stands on the petition, while if the counsel withdraws, the defendant gets an explanation. That doesn't seem right. So this is a way for counsel to do nothing and not give the defendant or the court any explanation. That's what the rule should be, right? That's what you're saying. Because it seems that one way or the other, somebody's entitled to an explanation, aren't they? Yes, and the Supreme Court has said that Rule 651C is the extent of the obligation owned by appointed counsel. Okay. And once that attorney provides a certificate of compliance with Rule 651C, which the parties agree happened in this case, there is a presumption that that is all of the duties that that attorney is obligated to do. This court then has to make the defendant and hold the defendant to its burden to say, actually, there's something else that should have been done. So it's not the case that you're saying something else should have been done. No, I'm saying it's the defendant's obligation under 651 to say, actually, there was something that should have been done to make an otherwise meritorious claim, shape it or provide an additional claim. That's what they're saying. They can't tell. They don't know. I mean, why you couldn't give the affidavits? We do know that. We know that the claim as raised by the defendant, if I can point to the court's direction, is that these witnesses were to testify that Petitioner was, in fact, at the address in question, visiting his son's grandfather, Mr. John Shines. That's the extent of the information that Petitioner is saying. Somehow, that lack of information was the basis for the ineffective assistance of counsel claim for the motion to quash arrest, that he was allowed to stand on the street corner. That doesn't go to the actual whether or not the motion to quash was correct. The defendant was observed walking away after dropping an item of narcotics. So even if we were to say, and the defendant has not alleged, that somehow this statement is proper, that it would have provided a valid defense, there's no allegation regarding the substantive. Right. They don't even argue that. No. So it's not a question of this defendant was unaware. This is the defendant's own claim. This is the defendant's claim that he put forth as the best claim that he had. Had this case progressed to the third stage, the defendant would not be here saying, well, it's inappropriate to stand on the petition because it advanced. So we know that intellectually there is the role for counsel to stand on a petition. The logical weakness in the argument is defendant's position requires an assumption that every petition has these meritorious claims, and there has to be something that's going to validate it. It's not an ethical dilemma. This isn't a case like where they talk about the ethical dilemma, which would prevent you from supporting perjury, committing fraud, or anything like that. There are just some claims that don't meet the threshold at the second stage. Justice Mason picked up on this. There's an inherent difference between a first-stage dismissal and a second-stage dismissal. I think, I'm not trying to put words in their mouth, but what they're saying is that the explanation was lacking here, in that what the court was told didn't answer the issue well. And there is no obligation to do so. If this court wants to create a new obligation, it would have to do so without the underpinnings of any prior question because, as you would recognize, Your Honor, an attorney has the right to stand on a petition. So you have to then say, we're not following along. We're removing that ability, and if you're going to stand on a petition, you have to have an affirmative obligation to say why, as to each claim in that petition, why did I stand on the petition? Defendant, again, has made no argument. There are four claims here. None of those other claims are the context of issue here. The sole focus is on whether or not the failure to provide affidavits which, based upon this record, would not have provided a sufficient basis to justify an effective assistance of counsel claim would be sufficient to justify the now finding of unreasonableness. So it's multiple layers that have to be getting through. First, is there an obligation to withdraw? The exposition is that neither Greer nor Cooner actually speaks to that. There is no affirmative obligation to withdraw. If people submit, say it clearly. If people submit an appellate claim, a plaintiff counsel may stand on a petition if there is nothing the counsel can do to otherwise shape that claim. And can we presume, since counsel filed an affidavit saying he had fulfilled all his obligations under the rule, that he in fact explained to his client why he was not amending the petition? This Court did not. This Court must presume that. That's specifically what precedent has said, is that the filing of a 651C certificate specifically creates the presumption of the reasonableness of counsel's performance. So now the burden is on the petitioner to say, well, it's not reasonable based upon some external factor. And counsel has provided this Court with a number of cases where a plaintiff counsel failed to, for example, the Schlosser decision, failed to amend the petition to circumvent the procedural bar of waiver. Again, that's a logical explanation of saying, here's why counsel's performance was deficient. Here is a facial challenge that counsel failed to do. We don't have that here. We have a defendant who says, if you go talk to these people, and he only names two, if you go talk to these people, they'll tell you something. Counsel takes continuances. So we know this isn't a case where counsel is just sitting around and said, maybe if I had another week in this alternate hypothesis. The case was continued so he could speak to these people. Counsel spoke to a third person and said, I wasn't able to get an affidavit. That goes to the point of defendant's claim simply doesn't meet the threshold of the second stage. And there is nothing that is fit and proper about holding that burden for the dismissal at a second stage. If there are no further questions, and for all those reasons that are stated in the people's brief, we ask this Court to affirm the dismissal of the persecution petition. Thank you. Thank you, Mr. Connors. Ms. Mason, rebuttal. May I please report? I would just like to address two points that opposing counsel made. Toward the end of his presentation, he spoke about People v. Schlosser. And People v. Schlosser is very important in this case. The State makes these arguments that, oh, because Mr. Bass's underlying claims lack merit, that that should somehow factor into this Court's decision. But this Court held in Schlosser that the merits of the underlying claim do not matter because where post-conviction counsel does not comply with the requirements of Rule 651C, we cannot breach the merits. So this Court said that Schlosser won, and that's what the Illinois Supreme Court rules was. So the merits, we can't get to them yet because we don't know what the affidavits ultimately would have said because counsel didn't do what was required of him. Now, the State also says that what we're asking this Court to do is to add some new requirement. But we're not. All we're asking this Court to do is apply Rule 651C. It's true. There's no obligation to withdraw on a case unless there's an ethical obligation to do so because proving the claims in a petition would violate the ethical rules that all attorneys are bound by. But in those cases where ethics don't prevent an attorney from presenting the claims, Rule 651C governs three requirements. The third one is that you put the claims in the petition in their proper legal form. The statute that governs what the proper legal form is for a post-conviction petition says that you must either include affidavits or explain why you did not. If counsel found that he couldn't prove with a claim because it would have been unethical to do so, he could have withdrawn here. He didn't. So he had to amend the petition, but on its face was not in the proper legal form. He did not because he did not. Now, Mr. Bass is entitled to new second-stage proceedings with a new attorney who, if that attorney finds that ethically he can't present Mr. Bass's claims, can file a motion to withdraw. Or alternatively, that attorney must amend Mr. Bass's petition to either include affidavits or explain why they're not there in compliance with the Post-Conviction Hearing Act. If there are no further questions, thank you. All right. Thank you very much. Thank you for your arguments here today and your briefs. We will take the matter under advisement.